RECEIVED
JUN 1 3 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| NOE DARWIN STEPHAN | CIVIL ACTION NO. 06-356-P |
| VERSUS | JUDGE STAGG |
| WARDEN HARVEY GRIMMER | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Noe Darwin Stephan ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on February 24, 2006. Petitioner is incarcerated in the West Carroll Detention Center in Epps, Louisiana. He challenges his state court conviction and sentence. He names Warden Harvey Grimmer as respondent.

On October 28, 2003, Petitioner was convicted of one count of attempted aggravated battery in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to 15 years imprisonment at hard labor. The Louisiana Second Circuit Court of Appeal affirmed his sentence on direct appeal. State v. Stephan, 38,612 (La. App. 2 Cir. 8/18/04), 880 So.2d 201.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel, (2) his sentence violated Blakely and (3) his sentence was based upon evidence which

may have been in violation of his immunity agreement.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits in his petition that he has not exhausted his available state court remedies. He claims he filed an application for post conviction relief in the trial court on June 21, 2005, which raised the same issues as in his current habeas petition. He claims this application was denied by the trial court on November 30, 2005. He claims he then mailed a

notice of intention to seek supervisory review to the trial court. He claims this notice was lost in the mail and he did not discover this fact until after the time limitation to file the notice had expired. As a policy, the Louisiana Second Circuit Court of Appeal does not apply the uniform rules of the court of appeals to pro se post conviction relief writ applications. Therefore, Petitioner did not have to inform the trial court of his intention to seek review pursuant to U.R.C.A. Rule 4-2 or get a time fixed within which to file his writ application pursuant to U.R.C.A. Rule 4-3. Thus, Petitioner has failed to exhaust all available state court remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar

that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 13th day of June 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE